**NATIONAL LABOR RELATIONS BOARD, Petitioner, Cross-Respondent,**

and

**Local 1199, Drug and Hospital Union, RWDSU, AFL–CIO, Intervenor,**

v.

**Henry BOOK et al., d/b/a Sprain Brook Manor, Respondents, Cross-Petitioners.**

**Nos. 716, 998, Dockets 75–4223, 75–4243.**

United States Court of Appeals, Second Circuit.

Argued March 30, 1976.

Decided April 5, 1976.

Paul J. Spielberg, Washington, D. C. (John S. Irving, Jr., Gen. Counsel of the N. L. R. B., Elliott Moore, Deputy Associate Gen. Counsel, James M. Hirschhorn, Atty., Washington, D. C., on the brief), for petitioner, cross-respondent.

Burton R. Horowitz, New York City, (Edward A. Halpern, Newark, N. J., on the brief), for respondent, cross-petitioner.

Sipser, Weinstock, Harper & Dorn, New York City (Richard Dorn, New York City,

of counsel), submitted a brief for intervenor.

Before KAUFMAN, Chief Judge, and OAKES and GURFEIN, Circuit Judges.

PER CURIAM:

On this petition for enforcement and cross-petition for review, the respondent contends that the National Labor Relations Board erred in holding (two members dissenting) that Sprain Brook Manor violated §§ 8(a)(1), (2), and (3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), (2), and (3), by recognizing—and entering into a collective bargaining agreement with—a union that did not represent a majority of the Manor's employees. Although Joseph Wildebush, an arbitrator selected by the union and the Manor without the consent of the employees, concluded after a "card check" that a majority of the workers had authorized the union to represent them, most of the Manor's employees later testified [1] to the contrary at a hearing before an Administrative Law Judge.

For the reasons expressed in the majority opinion of the National Labor Relations Board, —— NLRB —— (1975), we grant enforcement of the Board's order. The cross-petition for review is denied.

---

1. Twenty-five of the Manor's 101 employees testified orally. The parties stipulated that another 45 employees were prepared to testify "that they did not sign a card for [the union] or in any other way authorize [the union] to represent them . . . .."